UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRIS JOHNSON

    Plaintiff

v.

PIONEER RAILCORP, INC. a Corporation
and DECATUR JUNCTION RAILWAY
CO, a Corporation

    Defendants

Case No. 11-1400

**JURY DEMAND**

# COMPLAINT

Now comes the Plaintiff, Chris Johnson, by Richard L. Steagall, his attorney, and complaining of the Defendant, Pioneer Railcorp, Inc., a Corporation and Decatur Junction Railway Co., a Corporation, for his claims states:

## I.
## Jurisdiction & Venue

1.    Jurisdiction to hear plaintiff's claims under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq exists under 28 U.S.C. § 1337 (a).

2.    Plaintiff, Chris Johnson, is a resident of the City of Burlington, Des Moines County, Iowa.

    A.    Defendant, Pioneer Railcorp., ("Pioneer Railcorp") is a corporation incorporated under the laws of the State of Iowa with its principal place of business in City of Peoria, Peoria County, Illinois engaged in the business of operating short line railroads as a common carrier engaged in interstate commerce.

    B.    Defendant, Decatur Junction Railway Co., ("Decatur Junction") is a

>corporation incorporated under the laws of the State of Iowa with its principal place of business in the City of Peoria, Peoria County, Illinois engaged in the business of operating short line railroad as a common carrier engaged in interstate commerce.

The injuries suffered by Johnson occurred on a railroad operated by Pioneer Railcorp. and/or Decatur Junction at Cisco, Macon County, Illinois. Venue exists under 28 U.S.C. § 1391 (a). The case is assigned to the Peoria Division of the Central District of Illinois under Local Rule 40.1.

3. Johnson suffered injuries in the course of his employment on **September 23, 2010** at Cisco, Macon County, Illinois.

## II.
## The Parties

4. Johnson has spent his work life on the railroad employed from 1976 until the Burlington, Iowa repair facility was closed in 2003 by the Burlington Northern Railroad, n/k/a BNSF Inc. He then was employed by Pioneer Railcorp. and/or Decatur Junction as a master mechanic from August, 2005 until the termination of his employment on October 4, 2010.

5. Pioneer Railcorp. is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Peoria, Peoria County, Illinois engaged in the business of operating short line railroads transporting goods in interstate commerce in the States of Illinois, Iowa, Indiana, Michigan, Missouri, Kansas, Oklahoma, Arkansas, Tennessee, Mississippi, Alabama, and Georgia.

6. Decatur Junction Railway Co. is a corporation organized and existing

under the laws of the State of Iowa with its principal place of business in Peoria, Peoria County, Illinois engage in the business of operating short line railroads transporting goods in interstate commerce in the States of Illinois, Iowa, and various other states.

### III.
### The Incidents

7. Johnson reported to work in Cisco, Illinois at 7:00 a.m. on September 23, 2010 to work on a locomotive with engine problems located a side track at a grain elevator in the course of his employment for Pioneer Railcorp and/or Decatur Junction.

8. A piston in the engine block was damaged. At approximately 10:00 a.m., Johnson was using a sledge hammer in an attempt to dislodge the rings and piston to avoid having to destroy the cylinders which were in working order. He was required to apply great force to the sledge hammer with the piston still not dislodging while the sledge head was becoming loose from the handle. The sledge hammering was very loud and also required Johnson to use a lot of muscular force  While using that sledge hammer on the piston, Johnson suffered a ringing in his ears and back pain.

9. Johnson reported the injuries by cell telephone to his supervisor, Paul Lofton, on September 26, 2010. He took a planned vacation returning to work on October 4, 2010 at LaHarpe, Illinois, the place he usually reported for work, completed an injury report, and was told his employment was terminated.

10. The termination of Johnson's employment on October 4, 2010 left him without any health benefits and he could not afford to purchase the extended health coverage at his expense Pioneer Railcorp and/or Decatur Junction offered him as

required by COBRA. This caused a delay in the medical care Johnson would otherwise have obtained. He finally obtained medical care when he visited the emergency room at Great River Medical Center in Burlington, Iowa as an indigent patient on December 31, 2010.

11. Johnson was diagnosed on December 31, 2010 with back pain, hypertension, and tinnitus, commonly described as ringing in the ear or ears.

## IV.
## Plaintiff's Claims

**A.     Statute Involved – Federal Employer's Liability Act**

12. At all times material, there was in full force and effect in the United States a certain statute known as the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq which provides.

> **§ 51. Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence; employee defined**
>
> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

> Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

**B.     FELA Claim**

16.     Pioneer Railcorp and/or Decatur Junction was under a duty imposed by the Federal Liability Act to provide Johnson with a reasonably safe place to work. 45 U.S.C. § 51.

17.     The agents of Pioneer Railcorp and/or Decatur Junction. acting in the scope of their employment knew that locomotives, railroad cars, switches, and track provided high level of noise to railroad workers and knew that repair of locomotives and other railroad equipment exposed master mechanics including sledge hammers used to dislodge pistons in engine cylinders that are incapable of movement in the normal course of operation of the engine to high levels of noise, but negligently failed to supply Johnson with protective hearing equipment during the course of his employment for Pioneer from August, 2005 to October 4, 2010 and more particularly during the job Johnson was performing on September 23, 2010.

18.     The agents of Pioneer Railcorp and/or Decatur Junction acting in the scope of their employment knew that a sledge hammer subject to repeated use will deform and that heavier sledges and other hammers are necessary for the heavy repair work done on locomotives but negligently failed to provide Johnson was reasonably safe equipment to dislodge the piston in the locomotive engine he was working.

## IV.
## Relief Sought

**A.     Hearing Loss**

19.     As a proximate of the negligence of Pioneer Railcorp and/or Decatur Junction specifically alleged in Part III B ¶ 17-18, Johnson has suffered tinnitus (ringing of the ears) as a result of the failure to provide protective hearing equipment and use of a sledge hammer to dislodge pistons; upon testing by an otolaryngologist, Johnson had a severe hearing loss consisting of 28% of his hearing contrary to the normal expected standard of 75% of hearing present in 51 year old males from the cumulative effect of noise in his railroad employment without protective hearing devices; as a result thereof, Johnson will require medical treatment and hearing devices to attempt to enable him to function in excess of his present ability to hear only when a person speaks directly to him in a loud voice without background loss; further Johnson has suffered a permanent loss and disability from that hearing loss which will render him unemployable as a master mechanic or in any other position at a railroad where he has worked his entire adult life; further, Johnson has in the past and will in the future suffer pain and suffering with accompanying mental anguish, be hindered and hampered from performing his ordinary affairs of life as he would had it not been for the hearing loss; Johnson has in the past and will in the future lose income in the total amount of $700,150; further Johnson has in the past and will in the future lose medical benefits in the amount of $28,915.53 for a total loss of income and health benefits of $729,065.53; further Johnson has in the past and will in the future lose retirement contribution

benefits for the highest wages earned during a five year period of employment, such amount to be determined.

    **B.**    **Back Injury**

20.    As a proximate of the negligence of Pioneer Railcorp and/or Decatur Junction specifically alleged in Part IV C ¶ 17-18, Johnson has suffered in the past and will in the future endure pain and suffering and mental anguish and be hindered, hampered, and prevented from carrying on his ordinary affairs of life due to the disability from the back injury.

**VI.**
**Prayer for Relief**

**WHEREFORE**, Plaintiff, CHRIS JOHNSON, prays for judgment in his favor and against the Defendant, Pioneer Railcorp, Inc. and Decatur Junction Railway Co, joint and severally in the amount of TWO MILLION DOLLARS ($2,000,000) plus costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

s/ Richard L. Steagall
RICHARD L. STEAGALL,
Attorney for the Plaintiff

RICHARD L. STEAGALL
RYAN S. MCCRACKEN
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602-1115
309-674-6085
Fax 309-674-6032
nicsteag@mtco.com

G. DOUGLAS STEPHENS
Stephens Fiddes McGill & Assoc
456 Fulton Street, Suite 222
Peoria, IL 61602
(309) 637-2667
Fax: (309) 637-1106
E-mail: g.stephens@sfmlegal.com