IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SHERYL JOHNSON, Administrator of the Estate of Chris Johnson, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 11-cv-1400<br>) |
| DECATUR JUNCTION RAILWAY, CO., | )<br>) |
| Defendant. | ) |

## OPINION

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion to Alter April 13, 2012 Stipulation & Order and for Leave to File Second Amended Complaint (d/e 33) (Motion). The parties consented to have this case heard before this Court. Notice, Consent and Reference of a Civil Action to a Magistrate Judge and Reference Order entered March 24, 2014 (d/e 61). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

On November 2, 2011, Chris Johnson filed this action against Defendant Decatur Junction Railway, Co. (DJR), and former Defendant Pioneer Railcorp, Inc. Complaint (d/e 1). On February 2, 2012, Chris

Johnson filed an Amended Complaint substituting Pioneer Railroad Services, Inc. (Pioneer Services), for Pioneer Railcorp, Inc., as the second Defendant. Amended Complaint (d/e 7). Chris Johnson alleged a claim under the Federal Employer's Liability Act, 45 U.S.C. § 51 (FELA). Chris Johnson alleged that he was injured while he was repairing a railroad locomotive engine operated by DJR on September 23, 2010. The injury resulted in a loss of his hearing. Johnson alleged that he was employed by Pioneer Services "and/or" DJR. Amended Complaint, ¶ 7.

On March 6, 2012, Pioneer Services filed Defendant Pioneer Railroad Services, Inc.'s Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 10) (Motion to Dismiss). Pioneer Services moved to dismiss because it was not authorized by the Surface Transportation Board (STB) to be a common carrier railroad. FELA imposes liability on common carriers by rail engaged in commerce. 45 U.S.C. § 51. No person may operate a railroad unless authorized to do so by the STB. See 49 U.S.C. § 10901. Pioneer Services stated that it has not been authorized by the STB to operate a railroad and, as such, is not a common carrier. Thus, Pioneer Services is not subject to FELA liability. Motion to Dismiss, at 1-2.

Chris Johnson never responded to the Motion to Dismiss. Rather, Johnson, DJR, and Pioneer Services entered into a stipulation that states the following:

> Now comes, the plaintiff, Chris Johnson, by his attorney, Ryan S. McCracken, defendant, Pioneer Railroad Services, Inc. by its attorney, Daniel A. LaKemper, and defendant Decatur Junction Railway Co., by its attorney, James E. Lozier, and for the parties (sic) stipulation of dismissal state:
>
> 1. Decatur Junction Railway Co. is a railroad company operating in interstate commerce.
>
> 2. Decatur Junction Railway Co. was acting as Chris Johnson's employer for Federal Employers' Liability Act (FELA) purposes on September 23, 2010.
>
> 3. Pioneer Railroad Services, Inc. was not a FELA employer of Chris Johnson on September 23, 2010.
>
> WHEREFORE, the parties pray for the Court to enter an Order dismissing Pioneer Railroad Services, Inc. as a defendant.

<u>Stipulation of Dismissal of Defendant Pioneer Railroad Services, Inc. (d/e 15)</u> (Stipulation). Based on the Stipulation, the Court dismissed the claims against Pioneer Services with prejudice and denied the Motion to Dismiss as moot. <u>Text Order entered April 13, 2012</u>. Chris Johnson subsequently died and Sheryl Johnson was substituted in as Administrator of his estate. <u>Text Order entered July 30, 2013</u>.

Sheryl Johnson now asks to withdraw from paragraph 3 of the Stipulation. She states that she has learned through discovery that Pioneer Services may have been Chris Johnson's employer when he was injured at work on September 23, 2010. Motion, at 3-4. Pioneer Services opposes the Motion.

Sheryl Johnson also seeks to amend the Amended Complaint to add claims that, "the hearing loss was a cause of depression and acute and chronic alcoholism which lead to Chris Johnson's death from multiple organ failure due to acute and chronic alcoholism or (sic) three years duration." Motion, ¶ 3. DJR has not responded to this aspect of the Motion, and so, is deemed to have no opposition. Local Rule 7.1(B)(2). Therefore, Sheryl Johnson may amend the Amended Complaint to add these claims against DJR.

## ANALYSIS

The issue before the Court is whether to set aside paragraph 3 of the Stipulation. Sheryl Johnson is correct that the dismissal Text Order entered April 13, 2012, is an interlocutory order that may be reconsidered at any time. Fed. R. Civ. P. 54(b). Reconsideration, however, would only be appropriate if Sheryl Johnson is allowed to withdraw from paragraph 3 of the Stipulation.

Generally, "a stipulation is binding unless relief from the stipulation is necessary to avoid 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." United States v. Wingate, 128 F.3d 1157, 1160 (7th Cir. 1997) (quoting Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir. 1998)).

Sheryl Johnson argues that she should be relieved of the Stipulation because Chris Johnson had an erroneous view of the facts. She states that information developed in discovery showed that Pioneer Services was Chris Johnson's employer on September 23, 2010, the day of the accident. She states that the evidence she presented in connection with her Motion for Partial Summary Judgment shows that Pioneer Services supervised him while he was working on the DJR locomotive. Plaintiffs' Memorandum in Support of Her Motion to Alter April 13, 2013 Stipulation & Order and for Leave to File Second amended Complaint (d/e 34), at 2; see Plaintiff's Motion for Partial Summary Judgment (d/e 36) (Summary Judgment Motion), at 5-7, 16-17.

Pioneer Services may have been an employer of Chris Johnson on September 23, 2010, but the evidence presented does not show that Pioneer Services was a "FELA employer." An employer subject to FELA must be a, "common carrier by rail." 45 U.S.C. § 51. A common carrier by

rail is, "one who operates a railroad as a means of carrying for the public,- that is to say, a railroad company acting as a common carrier." Edwards v. Pacific Fruit Exp. Co., 390 U.S. 538, 540 (1968) (quoting Wells Fargo & Co. v. Taylor, 254 U.S. 175, 187-88 (1920)).  In addition, the term "common carrier" for purposes of FELA, includes, "the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier."  45 U.S.C. § 57.

The evidence presented by Sheryl Johnson indicates that DJR operated the railroad where Chris Johnson was allegedly injured; Chris Johnson traveled to DJR's siding to repair railroad engines operated by DJR, "Chris Johnson and Josh Troutman were sent to Cisco, Illinois – 30 miles outside Decatur, Illinois – to perform inspections and repairs on locomotives used by the Decatur Junction Railway Company."  Summary Judgment Motion, 16-17, Plaintiff's Statement of Undisputed Fact, ¶ 40; see Plaintiff's Statement of Undisputed Fact ¶¶ 10, 11, 41.  Chris Johnson further stated in his deposition that a DJR manager was his general supervisor while he was working on DJR's locomotives.  Pioneer Railroad Services, Inc.'s Supplemental Memoranda in Opposition to Plaintiff's Motion to Alter April 13, 2012 Stipulation & Order for Leave to File Second Amended Complaint (d/e 57) (Supplemental Memorandum), attached

Excerpt of Deposition of Chris Johnson, at 146-47. Thus, the evidence indicates that DJR operated a railroad. Furthermore, no evidence indicates that Pioneer Services acted as a common carrier. As Pioneer points out, no person may operate a railroad unless authorized to do so by the STB. 49 U.S.C. § 10901. Pioneer Services had no such authorization.

Pioneer Railcorp, Inc.'s website, however, stated that Pioneer Services managed the operations of Pioneer Railcorp, Inc.'s subsidiary railroads, which included DJR. Summary Judgment Motion, at 5, Plaintiff's Statement of Undisputed Fact, ¶ 4. In light of this statement, the Court directed the parties to file supplemental memoranda to address whether Pioneer Services could be deemed to be a common carrier under 45 U.S.C. § 57 as a corporation "charged with the duty of the management and operation of the business of a common carrier." Order entered January 31, 2014 (d/e 56), at 3 (citing Eddings v. Collins Pine Co., 140 F.Supp. 622, 628 (N.D. Cal. 1956). Pioneer Services filed a supplemental memorandum. Pioneer Railroad Services, Inc.'s Supplemental Memoranda in Opposition to Plaintiff's Motion to Alter April 13, 2012 Stipulation & Order for Leave to File Second Amended Complaint (d/e 57) (Supplemental Memorandum). Sheryl Johnson did not to file a supplemental memorandum.

Pioneer Services argues that Congress enacted FELA § 57 to address situations in which a common carrier became insolvent or died. In those situations, the injured employee would still have a claim against the receiver, executor, or other administrator. See Cox v. Roth, 348 U.S. 207, 208-09 (1955). Pioneer Services also notes that a corporation is a "common carrier" under § 57 if it has a duty to manage and operate the railroad. Pioneer Services argues that it did not operate the railroad; DJR operated the railroad.

Upon careful review of evidence presented and the applicable law, the Court agrees with Pioneer Services that it was not a common carrier under FELA § 57. Section 57 states that the corporation must be "charged with the duty" to manage and operate the railroad. This language may imply an obligation or duty created by operation of law or court order. Pioneer Services was under no such duty. A duty may also arise by contract or the practice of the parties. Eddings, 140 F.Supp. at 626. In Eddings, a lumber company was a common carrier for purposes of FELA because it both owned and operated a railroad. Id., at 626-28. Here, the evidence presented shows that DJR operated the railroad, not Pioneer Services. Furthermore, no evidence indicates that Pioneer Services was

under a contractual duty to operate the railroad.  Pioneer Services was not a common carrier.

Thus, Chris Johnson was not under an erroneous view of the facts when he entered into the Stipulation.  DJR was his employer for purposes of FELA; it was the common carrier by rail for which Chris Johnson provided maintenance services at the time of the alleged injury.  Pioneer Services may or may not have also been his employer, but Pioneer Services was not a common carrier, and so, was not a "FELA employer" liable for the claims raised in this case.  The Court sees no basis to disturb the Stipulation.  The request to add Pioneer Services back to the case as a defendant is denied.

THEREFORE Plaintiff's Motion to Alter April 13, 2012 Stipulation & Order and for Leave to File Second Amended Complaint (d/e 33) is ALLOWED in part and DENIED in part.  Plaintiff's request to alter the Stipulation of Dismissal of Defendant Pioneer Railroad Services, Inc. (d/e 15), and the Text Order entered April 13, 2012, is DENIED.  The request to amend the Amended Complaint to add additional claims against Defendant Decatur Junction Railway Co. as set forth in the proposed Second Amended Complaint attached to the Motion is ALLOWED.  Plaintiff Sheryl Johnson is directed to file by April 11, 2014, a revised

Second Amended Complaint that contains the allowed additional claims, but does not include Pioneer Railroad Services, Inc., as a defendant. Defendant Decatur Junction Railway Co. is directed to respond to the Second Amended Complaint by May 2, 2014.

ENTER: March 28, 2014

s/ Thomas P. Schanzle-Haskins
UNITED STATES MAGISTRATE JUDGE