# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| SHERYL JOHNSON, Administrator of the Estate of Chris Johnson, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-cv-1400 |
| DECATUR JUNCTION RAILWAY, CO., | ) ) | |
| Defendant. | ) | |

## OPINION REGARDING PENDING MOTIONS

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

A.    PENDING MOTIONS

Currently pending before the Court are the following motions:

1)    Defendant's Motion to Strike Plaintiff's Third Amended Complaint (d/e 65) (Motion 65);

2)    Plaintiff's Request for Leave to File Fourth Amended Complaint (d/e 71) (Motion 71);

3)    Defendant's Motion to Deem Admitted or, in the Alternative, to Compel Full and Complete Responses to Defendant's Second Requests for Admission and Related Interrogatories and Requests for Production of Documents (d/e 76) (Motion 76);

4) Plaintiff's Motion for Leave to File Response to Defendant's Motion to Compel Admissions (d/e 81) (Motion 81);

5) Defendant's Unopposed Motion for Leave to File, in Excess of 15 Page Limit, its Response and Brief in Support of Response to Plaintiff's Motion for Leave to File Long Past Due Response to Defendant's Motion to Compel Responses to Defendant's Admission Requests (d/e 85) (Motion 85);

6) Defendant's Motion in Limine to Preclude Plaintiff from Calling Any Expert Witnesses Except for Dr. Michael Abouassaly, Dr. Douglas Henrich, Dr. Joann Milani, and Dr. Peter Hauslein and Limiting Their Testimony to Any Medical or Evaluation Reports Generated by These Medical Practitioners and Their Deposition Testimony up Through the Present Date (d/e 66) (Motion 66);

7) Plaintiff's Motion to Extend Time to Respond to Defendant's Motion in Limine to Wednesday, May 21, 2014 (d/e 74) (Motion 74);

8) Defendant's Motion for Leave to File a Reply in Support of Its Motion in Limine to Preclude Plaintiff from Calling any Expert Witnesses Except for Dr. Michael Abouassaly, Dr. Douglas Henrich, Dr. Joann Milani, and Dr. Peter Hauslein and Limiting Their Testimony to any Medical or Evaluation Reports Generated by These Medical

Practitioners and Their Deposition Testimony Up Through the Present Date Instanter (d/e 77) (Motion 77);

9) Defendant's Motion to Strike August 4, 2014 "Plaintiff's Exhibits in Support of Response to Defendant's Motion to Compel Admission" (d/e 89) (Motion 89);

10) Defendant's Motion to Supplement Its May 23, 2014 Brief in Support of Its Motion to Deem Admitted or, in the alternative, to Compel Full and Complete Responses to Defendant's Second Requests for Admission and Related Interrogatories and Requests for Production of Documents (d/e 82) (Motion 82);

11) Supplement to Defendant's Motion to Supplement Its May 23, 2014 Brief in Support of Its Motion to Deem Admitted or, in the alternative, to Compel Full and Complete Responses to Defendant's Second Requests for Admission and Related Interrogatories and Requests for Production of Documents   (d/e 83) (Motion 83); and,

12) Plaintiff's Motion for Extension of Discovery and Entry of Scheduling Order (d/e 67) (Motion 67).

The parties consented to have this matter heard before this Court.

Notice, Consent, and Reference of a Civil Action to a Magistrate Judge and Reference Order entered March 24, 2014 (d/e 61).

The Court will address the Motions in the order listed above.  In order to set the factual and procedural predicate for the ruling on the motions, it is necessary to recite the progression of this litigation.

B.    PROGRESSION OF LITIGATION

The original Complaint in this matter was filed on November 2, 2011.  The Complaint consisted of an injury claim under the Federal Employers Liability Act, 45 U.S.C. 51 et seq. (FELA).  The Plaintiff named as Defendants Pioneer Railcorp, Inc. (Pioneer) and Decatur Junction Railway Co. (Decatur).  The factual basis of the Plaintiff's claim was the alleged hearing loss the Plaintiff suffered as a result of use of a sledge hammer to dislodge a piston in an engine block on September 23, 2010.

On February 2, 2012, Plaintiff filed an Amended Complaint substituting Pioneer Railroad Services, Inc. (Pioneer Services) for Pioneer Railcorp, Inc. as a Defendant.  Amended Complaint (d/e 7).  The allegations of the Amended Complaint remained substantially the same as the Complaint.

On March 6, 2012, Pioneer Services filed a Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(B)(6) (d/e 10) (Motion to Dismiss).  The Motion to Dismiss argued FELA imposed no liability on Pioneer Services because it was not a common carrier railroad.  Plaintiff did not respond to the Motion to Dismiss.  However, Plaintiff, Decatur and Pioneer Services, stipulated that Pioneer Services was not an FELA employer of the Plaintiff on

September 23, 2010.  Based on that stipulation (d/e 15), the Court dismissed the claims against Pioneer Services with prejudice and denied the Motion to Dismiss filed by Pioneer Services as moot.  Text Order entered 4/13/2012.

On May 10, 2012, a Scheduling Order (d/e 17) was entered.  Under the Scheduling Order, initial Rule 26 disclosures were due by May 31, 2012, and Plaintiff's expert disclosures were due by January 11, 2013.

On September 11, 2012, the Court allowed the parties' Joint Motion to Extend Time to Join Additional Parties to November 2, 2012 (d/e 22).

On December 5, 2012, the Court granted the parties' Joint Motion to Extend Pretrial Deadlines and Reschedule Trial Date (d/e 24).

On April 8, 2013, the Court allowed the parties' Joint Motion to Extend Pretrial Deadlines (d/e 26) and entered a Second Amended Scheduling Order (d/e 28).

Plaintiff Chris Johnson died on May 21, 2013 and Sheryl Johnson was substituted as the Plaintiff in her capacity as administrator of the estate of the decedent.  Text Order entered 7/30/2013.

On August 8, 2013, the Court entered its Third Order Extending Pretrial Deadlines and Rescheduling of Trial Date (d/e 32).

On September 23, 2013, the Plaintiff filed a Motion to Alter April 13, 2012 Stipulation and Order and for Leave to File Second Amended Complaint (d/e 33) (Motion 33) requesting the Court to vacate the April 13, 2012 Stipulation and

Order Dismissing Pioneer Railroad Services and for leave to file a Second Amended Complaint. Plaintiff indicated she had learned through discovery that Pioneer Services may have been Chris Johnson's employer when he was injured at work on September 23, 2010. Motion 33, at 3-4. The Motion to Alter and Amend also sought to amend the complaint to add a death claim. Pioneer Services objected to the motion and Decatur did not respond.

Attached to Motion 33 was a proposed Second Amended Complaint (d/e 33-1). The proposed Second Amended Complaint added Pioneer Railroad Services, Inc. as a Defendant and added a death claim.

On March 28, 2014, the Court entered it's Opinion (d/e 62) on Motion 33. The Court had previously ordered the parties to file supplemental memoranda to address whether Pioneer Services could be deemed a common carrier under FELA (45 U.S.C. 57), "as a corporation charged with the duty of management and operation of the business of a common carrier". Pioneer Services filed a supplemental memorandum. Plaintiff did not file a supplemental memorandum.

Based upon the Motion 33, Pioneer's response, and the supplemental memorandum filed by Pioneer, the Court denied Motion 33. The Court determined, after review of the evidence presented and the applicable law, that Pioneer Services was not a common carrier under FELA, Section 57. Consequently, the Court denied the Plaintiff's request to file an amended complaint to put Pioneer Services back in the case as a Defendant. With regard

to the additional death claims against Decatur, the Court noted that Decatur did not object to the Motion to Alter and Amend and allowed the Plaintiff to add the additional claims against Decatur "<u>as set forth in the proposed Second Amended Complaint</u>" (emphasis added).

The Court ordered the Plaintiff to file, by April 11, 2014, a revised Second Amended Complaint that contained the allowed additional claims, but did not include Pioneer Railroad Services, Inc. as a Defendant.

Rather than filing a revised Second Amended Complaint, as directed by the Court, four days after the deadline ordered by the Court, Plaintiff filed a Motion for Leave to File Third Amended Complaint Instanter (d/e 64) (Motion 64) citing an "implacable deadline" in an arbitration case as the reason for the late filing. Motion 64 contained the following representation by Plaintiff's counsel:

> 4.    Plaintiff has made the changes to the Second Amended Complaint eliminating defendant Pioneer Railroad Services and is tendering the Third Amended Complaint asserting the wrongful death claims against Decatur Junction Railroad Company.

Based upon this representation, the Court allowed the Motion 64. Unfortunately, the representation made by Plaintiff's counsel was not true. The Third Amended Complaint failed to remove Pioneer Services as a Defendant from the body of the complaint. While Pioneer Services was removed from the caption of the complaint, paragraphs 7-9, 22, 24, and 27 all continued to treat Pioneer Services as a Defendant. Additionally, the prayer for relief requested

that the Court award judgment against Defendants Pioneer Services and Decatur "joint and severally". The Plaintiff added the death claims to the Third Amended Complaint. However, contrary to the Court's Order, the Plaintiff changed the form of the death claim included in the Third Amended Complaint by deleting language contained in the proposed Second Amended Complaint and adding language not contained in the proposed Second Amended Complaint.

Between September 23, 2013, the date of the filing of Motion 33, and the ruling of the Court on that motion on March 28, 2014 (d/e 62), the Court entered a Fourth Order Extending Pretrial Deadlines (d/e 45), a Fifth Order Extending Some Pretrial Deadlines (d/e 49) (Fifth Order), and Sixth Joint Motion Extending One Pretrial Deadline (Text Order entered 3/24/2014). The parties jointly filed these requests to extend deadlines. The Fifth Order set deadlines for the Plaintiff to identify all testifying experts and to provide Rule 26 expert reports by April 1, 2014, and for the Defendant to identify testifying experts and provide Rule 26 expert reports by June 1, 2014. The Fifth Order, as had the prior orders extending deadlines, provided that each party would be limited to 20 depositions not to exceed eight hours each.

The Sixth Joint Motion Extending One Pretrial Deadline (d/e 60) asked only that the deadline for discovery of fact witnesses be extended until May 7, 2014, instead of April 15, 2014 to complete fact discovery, including depositions. That request was granted in a Text Order (3/24/2014). The Text Order indicated that

no other dates contemplated by the prior discovery order entered on January 9, 2014 (d/e 49) would be affected. Thus it was contemplated by the parties and stated by the Court that all other deadlines imposed by the Court's Fifth Order "will continue to be imposed and are otherwise effective".

On April 22, 2014, counsel for Defendant filed Motion 65 to strike the Third Amended Complaint. Motion 65 pointed out, as noted above, that the Third Amended Complaint did not follow the order of the Court which directed a revised Second Amended Complaint.

On May 12, 2014, the Plaintiff filed Motion 71 as part of a combined Response to Defendant's Motion to Strike Portions of Third Amended Complaint and for Leave to File Fourth Amended Complaint. Attached to Motion 71 was a proposed Fourth Amended Complaint.

On April 27, 2014, almost a month after the deadline for the Plaintiff to identify testifying experts and provide Rule 26 expert reports, Defendant filed its Motion 66 to bar certain expert testimony. The stated basis for Motion 66 was that the Plaintiff had not provided expert disclosures as required by the Court scheduling order and Federal Rule of Civil Procedure 26(a)(2). The deadline for Plaintiff's response to the motion was May 15, 2014.

On April 29, 2014, Plaintiff filed Motion 67 to extend discovery and modify the Scheduling Order.

On May 16, 2014, after expiration of the deadline to respond to Motion 66 to exclude certain experts, Plaintiff filed Motion 74 to extend the deadline to respond to Defendant's Motion 66 until May 21, 2014.  On May 21, 2014, Plaintiff filed her Response (d/e 75) to Defendant's Motion 66.

On May 23, 2014, the Defendant filed Motion 76 to challenge the sufficiency of Plaintiff's answers to Defendant's Rule 36 requests to admit. Certain exhibits referred to in Motion 76 were not attached to the Motion.  As a consequence, seventy days after filing Motion 76, the Defendant filed Motions 82 and 83 to add the exhibits which were not attached to the original Motion 76.

On May 24, 2014, Defendant filed Motion 77 asking for leave to file a reply to Plaintiff's Response to Motion 66.

On June 13, 2014, Plaintiff filed Motion 79 to request an extension of time until June 23, 2014 to respond to Motion 76.

On July 31, 2014, Plaintiff filed Motion 81 for leave to file a response to Motion 76.

On August 4, 2014, Plaintiff filed "Plaintiff's Exhibits in Support of Her Response to Defendant's Motion to Compel Admission" (d/e 84).  This filing contained exhibits which were not attached to the response attached to Plaintiff's Motion 81.

On August 15, 2014, Defendant filed Motion 89 to strike the exhibits contained in docket entry 84.

The motions described above will be discussed more fully below.

C.    MOTIONS 65 AND 71 ON AMENDMENTS TO THE COMPLAINT

1.    MOTION 65

Motion 65 asks to strike the Third Amended Complaint.  As noted above, the Third Amended Complaint filed by the Plaintiff did not conform with the representation of the Plaintiff's attorney that he had "made the changes to the Second Amended Complaint eliminating Defendant Pioneer Railroad Services". Had Plaintiff's counsel simply reviewed the proposed Third Amended Complaint prior to filing it with her motion, it would have been obvious that the Third Amended Complaint did not eliminate Pioneer.  It appears the only modification made to the proposed Second Amended Complaint with regard to Pioneer Services was the elimination of its name in the caption.

Additionally, the order of the Court allowing the filing of a revised Second Amended Complaint indicated that the Plaintiff was to file an amended complaint containing the additional claim "as set forth in the proposed Second Amended Complaint".  Again, the Plaintiff did not follow the Court's order.  Instead, the Plaintiff omitted paragraphs contained in the proposed Second Amended

Complaint and added additional language not contained in the proposed Second Amended Complaint.

The request in Motion 65 to strike Plaintiff's Third Amended Complaint is allowed.

In Motion 65, the Defendant requests that the Plaintiff and her counsel be sanctioned and requests the award of its attorney's fees and costs incurred in filing the Motion to Strike.

Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions in matters relating to discovery. The sanctions sought by the Defendant with regard to striking the Third Amended Complaint do not involve a discovery matter. Consequently, sanctions as requested by the Defendant with regard to Motion 65 must be sought under Rule 11 of the Federal Rules of Civil Procedure (Rule 11). Rule 11 specifically indicates that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). If Defendant seeks sanctions under Rule 11, such a motion should be filed separately. The motion, if filed, should specify in detail the amount of reasonable expenses or attorney's fees sought.

2.    MOTION 71

Plaintiff filed Motion 71 as part of a combined response to Motion 66 and a request for leave to file a Fourth Amended Complaint. Motion 71 is denied.

Plaintiff is ordered to file a revised Second Amended Complaint eliminating Pioneer Railroad Services, Inc. as a Defendant and removing all references to Pioneer Services and allegations against Pioneer Services indicating it is a Defendant from the revised Second Amended Complaint. The revised Second Amended Complaint shall also incorporate the additional claims the Defendant set forth in the proposed Second Amended Complaint attached to Motion 33 (d/e 33-1). The revised Second Amended Complaint is ordered to be filed will be in conformance with the March 28, 2014 Opinion of the Court (d/e 62) and shall be filed within ten (10) days of the entry of this Opinion. The Defendant shall respond to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint.

Had counsel for the Plaintiff followed the order of the Court in the first instance, it would have been unnecessary for the Plaintiff to have filed a Motion to File Third Amended Complaint to be considered and ruled upon by the Court. It would also have been unnecessary for the Defendant to file Motion 65 and would likewise have been unnecessary for the Plaintiff to have filed Motion 71. The failure of Plaintiff's counsel to follow the order of the Court has unnecessarily delayed and complicated this litigation.

D.     MOTIONS 76, 81, AND 85 ON PLAINTIFF'S RESPONSES TO REQUEST TO ADMIT

The Defendant filed a second request for admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure. The request for admissions was

accompanied by interlocking interrogatories and requests for production. The

interrogatories and request for production were only triggered by a denial of the

request for admission. The six requests for admission are as follows:

1) Admit that you, through your counsel, advised counsel for Defendant that an autopsy of Chris Johnson would be performed by the county medical examiner when Defendant's counsel expressed an interest to have an autopsy conducted by a privately retained pathologist.

2) Admit that you, through your counsel, advised that a private autopsy was not necessary because an autopsy would be conducted by the county medical examiner.

3) Admit that you, through your counsel, were advised that Defendant would not seek a private autopsy based on the representation that Defendant would be provided with a copy of the medical examiner's autopsy report.

4) Admit that you, through your counsel, failed to respond to multiple requests for the report of the autopsy that was to have been performed and ultimately advised Defendant that no autopsy was conducted because you donated Chris Johnson's organs to the Iowa Medical Center.

5) Admit that you, through your counsel, advised Defendant's counsel, in response to Defendant's counsel's expressing interest in retaining Chris Johnson's body for a privately conducted autopsy that exhumation would not be possible because the body was cremated.

6) Admit that you did not advise Defendant that no autopsy was done until after the body was cremated.

In response to the request for admissions, the following objection was

asserted:

Discovery is required to be proportionate to the information sought. Fed.R.Civ.Proc. 26(b)(2)(C)(iii). Plaintiff has no problem in providing the information sought in the Request for Admission & Interrogatories, but objects to the burdensome nature of the Request for Admission & Interrogatories. Fed.R.Civ.Proc. 26(b)(1).

Rather than responding to the requests for admission individually, the Plaintiff submitted a two and one-half page narrative of facts. The narrative ends with the following sentence: "If defendant disagrees with any of the statements, plaintiff's counsel will work on revisions to reach an agreed statement of facts." In response, Defendant filed Motion 76 to deem these matters admitted and to compel a response.

Plaintiff's response to Motion 76 was due June 9, 2014. On June 13, 2014, after the expiration of the deadline to file a response, Plaintiff's counsel filed Motion 79 for an extension of time. Motion 79 cited medical problems of Plaintiff's counsel and indicated that a physician's note was attached to the motion. No note was attached. Plaintiff's counsel noted he had medical problems, and if he felt better, would "file a response earlier". Defense counsel did not object to Motion 79. The Court, belatedly, granted the unopposed Motion 79 on July 8, 2014.

On July 31, 2014, twenty-three days after the Court granted Motion 79, Plaintiff's counsel filed Motion 81 for leave to file a response. In Motion 81, the Plaintiff recited he had a one-day mediation and filed a brief in the Seventh Circuit on July 17, 2014. Plaintiff's counsel said he did not calendar the granting of the motion and attached his proposed three-page response (d/e 81-1) to Motion 81.

The Plaintiff's proposed response (d/e 81-1) was not timely filed and refers to factual matters not raised in Plaintiff's objections to the requests to admit, seeks to add additional objections not previously made and indicates that Plaintiff will later file excerpts of relevant depositions as exhibits to the response. No exhibits were filed with the response. Plaintiff's Motion 81 is denied.

In response to Motion 81, Defendant filed Motion 85 styled as an unopposed motion for leave to file in excess of the 15 page limit in Local Rule 7.1(B)(4). Defendant's lengthy and cumbersome title to Motion 85 is incorrect. Defendant actually seeks to file a reply as the pleading challenges the Plaintiff's response to Motion 76. Local Rule 7.1(B)(3) specifically states that no reply to a response to a motion is permitted. Likewise, simply because a brief in excess of page limit is unopposed by adverse counsel, does not automatically permit the party seeking the extended page brief to file the brief. In addition to these factors, given the denial of the Motion 81, Motion 85 is moot. Therefore, Defendant's Motion 85 is denied.

Plaintiff stated one objection in her response to the Defendant's Request to Admit. She objected that discovery is required to be "proportionate" to the information sought. The objection is overruled. The questions posed by the Defendant, as set forth above, are not complicated. The information necessary to admit or deny the requests to respond is within the knowledge of the Plaintiff and her counsel. The interlocking interrogatories and request to produce only

come into effect if there is a denial.  The objection is insufficient to justify not answering the requests for admission.

Rule 36 is clear regarding the form of answers to requests for admissions. Rule 36(a)(4) provides if the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully deny it.  A denial must fairly respond to the substance of the matter.  The Plaintiff's narrative response does not comply with the Rule and is an insufficient answer.

Rule 36(a)(6) provides that the requesting party may move to determine the sufficiency of an answer or objection to an interrogatory and, unless the court finds an objection justified, it must order that an answer be served.  The Rule further notes that on finding that an answer does not comply with Rule 36, the court may either order that the matter is admitted or that an amended answer be served.

Plaintiff is ordered to file an amended answer fully responding to the original requests to admit in conformance with Rule 36 within ten (10) days of the entry of this order.  Plaintiff has had the opportunity to object to the requests to admit when she filed her initial objection.  No further objections shall be asserted.

In Motion 76, Defendant requests that the Court "award" Defendant its costs and attorney's fees "incurred in having to file and prosecute this Motion". Defendant's motion correctly notes that an award of the moving parties' expenses and attorney's fees is provided for by Federal Rule of Civil Procedure

37(a)(5).  Rule 37(a)(5) (the Rule) provides that the Court may order payment of reasonable expenses and attorney's fees if the motion is granted.  However, the Rule mandates that the Court must not order the payment of reasonable expenses, including attorney's fees, if the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action.  Defendant's motion contains no information that a good faith attempt was made to obtain responses to the requests to admit without court action.  Even though the Defendant titled its motion, in the alternative, as a motion to compel, the motion is considered by the Court to be a motion regarding the sufficiency of an answer or objection made pursuant to Rule 36(a)(6).  Even if the Defendant deemed the motion partially a Motion to Compel, the scheduling orders entered by the Court require that a Motion to Compel must contain the certification required by Rule 37 that the parties met and conferred in an attempt to resolve the discovery dispute.   The Court denies the request for an award of costs and attorneys fees.

E.     MOTIONS 66, 74, AND 77 ON BARRING EXPERT TESTIMONY

Motion 66 seeks to bar Plaintiff from presenting certain expert testimony. Under the terms of the Fifth Order, the Plaintiff was to identify all the testifying experts and provide Rule 26 expert reports by April 1, 2014.  The Defendant was to identify testifying experts and provide Rule 26 expert reports by June 1, 2014. All parties were to identify rebuttal experts and provide rebuttal expert reports

within 30 days after the other party was required to disclose his or her testifying experts.

On March 23, 2014, the parties filed a Sixth Joint Motion Extending One Pretrial Deadline (d/e 60) (Sixth Motion). That motion requested only that the deadline for completing fact discovery, including lay witness depositions, be extended to May 7, 2014. No request was made to extend any expert witness discovery deadline in the Sixth Motion.

The legal standards regarding exclusion of witness testimony for failure to follow discovery rules set forth by the Seventh Circuit Court of Appeals in David v. Caterpillar, Inc., 324 F.3d 851, 856-857 (7th Cir. 2003) are as follows:

> Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..., identifying the subjects of the information." Fed.R.Civ.P. 26(a)(1)(A). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).
>
> This court has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir.1998). However, we also have stated that "[t]he determination of whether a Rule 26(a) violation is

justified or harmless is entrusted to the broad discretion of the district court." Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 (7th Cir.1996); see also Salgado, 150 F.3d at 739 (stating that a district court's ruling on a motion to exclude testimony for noncompliance with Rule 26(a) is reviewed for an abuse of discretion and "[u]nder this standard, we shall affirm the judgment of the district court whenever we believe that the district court chose an option that was among those from which we might expect a district court reasonably to choose"). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir.1999). However, we have indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. See Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir.1995) (citing Spray–Rite Serv. Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir.1982)); see also Woodworker's Supply, Inc., 170 F.3d at 993.

Id. at 856, 857.

On October 1, 2012, in response to an interrogatory requesting the Plaintiff to name expert witnesses, the Plaintiff identified the following witnesses and the following topics on which they would testify:

Harold A. Rugh, to testify on "railroad practices, the custom of the railroad industry for making repairs of locomotive engines, applicable industry standards, the adequacy of the equipment provided Chris Johnson at the time of his injury, and the ability of Johnson or any comparable employee to safely perform the repairs;"

Dr. Douglas Henrich, Chris Johnson's treating physician, to testify on "[c]are and treatment of Chris Johnson for his hearing loss, cause of hearing loss, nature and extent of injury, permanency, availability of devices to therapy to improve condition, effect of hearing loss on his ability to obtain employment;" and

Dr. Michael Abouassaly, Chris Johnson's treating physician, to testify on "[c]are and treatment of Chris Johnson, physical and mental condition before and after September 23, 2010 injuries. Care and treatment of depression and alcohol abuse, diagnosis, causation of depression and alcohol abuse, prognosis, nature and extent of injury, permanency, anticipated time condition will continue, medications and therapy available, medications and therapy prescribed."

On October 28, 2013, the Plaintiff specifically identified Dr. Peter Hauslein as an otolaryngolyst who examined Chris Johnson in relation to his railroad disability benefits request. Although Dr. Hauslein was identified, he was not disclosed as an expert. Dr. Joann Milani, a psychologist, was also identified through discovery as a medical professional who examined Chris Johnson in relation to his railroad disability benefits request. Dr. Milani was not disclosed as an expert. Drs. Henrich, Abouassaly, Hauslein, and Milani have all been deposed.

On April 27, 2014, Defendant filed Motion 66. Defense counsel seeks to preclude the Plaintiff from calling any expert witnesses except for Drs. Abouassaly, Henrich, Milani, and Hauslein. Further, the Defendant seeks to limit their testimony to the medical evaluation reports generated by the physicians and their deposition testimony.

Although not mentioned in the title of the Motion in Limine, the Defendant also seeks to bar the Plaintiff from calling expert witness Harold Rugh. Harold Rugh is an expert witness who must provide a written report under Rule

26(a)(2)(B). No expert report was produced for Rugh. Additionally, his qualifications were not produced within the deadline set in the Fifth Order.

Defendant also seeks to bar the testimony of Medical Examiner Dr. Eugenio Torres. Dr. Torres is the Medical Examiner who signed the death certificate of Chris Johnson.

On May 16, 2014, one day after the expiration of the deadline for filing a response to Motion 66, the Plaintiff filed it's Motion 74 to extend the time to respond to Wednesday, May 21, 2014. That motion was not ruled upon by the Court, however, Motion 74 is granted *nunc pro tunc*. On May 21, 2014, Plaintiff filed her Response to Defendant's Motion in Limine (d/e 75). On May 24, 2014, Defendant filed Motion 77 for leave to file a reply. As Motion 77 noted, Central District of Illinois Local Rule 7.1(B)(3) provides that replies are not permitted. Defendant's Motion 77 is denied.

Plaintiff now requests a new scheduling order with "workable" dates for the expert witness disclosure and a trial date. The Plaintiff incorporates her Memorandum in Support of Motion for Extension of Discovery & Entry of Scheduling Order (d/e 68) with her Response to Defendant's Motion in Limine (d/e 75).

The Defendant notes that Plaintiff failed to produce any expert reports by April 1, 2014. It is clear, given the disclosure made above by the Plaintiff, that a written report was required for expert witness Harold Rugh. No Rule 26 written

reports were required for Johnson's treating physicians and the professionals who examined him on behalf of the Railroad Retirement Board in connection with his request for disability benefits. Fed.R.Civ.P. 26(a)(2)(B).

After the close of Plaintiff's expert discovery on April 1, 2014, counsel for the Plaintiff sent defense counsel an e-mail (d/e 66-1) indicating the expert witnesses that Plaintiff planned to call at trial. Among those witnesses were Dr. Henrich, Dr. Abouassaly, examining psychologist Joann Milani, and Dr. Eugenio Torres, Des Moines County, Iowa, medical examiner. Additionally, Plaintiff's counsel indicated he planned to call Dr. Stephen Dinwiddie. However, Plaintiff's counsel indicated that he had not yet contacted Professor Dinwiddie as he was awaiting the transcript of the second session of the deposition of the psychologist Joann Milani. He indicated he planned to contact Dinwiddie after that deposition. He then indicated, if Dr. Dinwiddie was not available, he would retain a similarly qualified medical school professor of psychiatry. Plaintiff's counsel then listed a website address on which the Defendant could obtain
Dr. Dinwiddie's information.

In the same e-mail, Plaintiff's counsel also indicated that he did not intend to call Dr. Hauslein. He indicated, after his examination of Dr. Hauslein, he would revisit his decision on whether he should be called in the Plaintiff's case. In the same e-mail, Plaintiff's counsel indicated he had seen nothing in the case that required him to obtain an expert otolaryngologist. He indicated that he might

be required to retain an otolaryngologist as a rebuttal witness. Defense counsel indicated that he had never previously encountered the possibility of retention of rebuttal witnesses.

The Plaintiff and Defendant entered into a stipulation and, pursuant to that stipulation, the Court entered an Order on May 29, 2014 (d/e 78) (Order 78). Order 78 sought to comply with the June 1, 2014 Defendant's expert disclosure deadline, which occurred while Defendant's Motion 66 was pending. Order 78 provided that the Defendant file with the Judge's law clerk its expert witness / report disclosures, which were actually due on June 2, 2014, as June 1, 2014 fell on a weekend.

Order 78 also provided if Defendant's Motion 66 was granted, in whole or in part, then defense counsel shall provide to Plaintiff's counsel, immediately after the ruling, copies of the same expert reports/disclosures submitted on June 2, 2014.

Order 78 further stated if Defendant's Motion in Limine is denied, in whole or in part, such that the Plaintiff is permitted to call additional experts, then the expert reports/disclosures that have been retained by this Court's Clerk shall be returned to Defendant's counsel, without disclosure to Plaintiff, so as to allow Defendant to submit new revised reports/disclosures (if Defendant chooses) to provide new opinions submitted by Plaintiff's newly added experts.

As noted above, Rule 37 of the Federal Rules of Civil Procedure provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1)  ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed."  Federal Rule of Criminal Procedure 37(c)(1).  <u>David v. Caterpillar, Id</u>. The sanction of exclusion of evidence is "automatic and mandatory unless the party to be sanctioned can show that violation of Rule 26(a) was either justified or harmless'.  <u>NutraSweet v. Excel Engineering</u>, 227 F.3d 776, 785-786 (7th Cir. 2000).  In this case, the burden in on the Plaintiff to show that failure to disclose the information sought to be barred is neither justified nor harmless.

Under the Fifth Order, the Plaintiff was to identify testifying experts and to provide Rule 26 expert reports by April 1, 2014.  The Fifth Order also provided that the Defendant was to identify testifying experts and to provide expert reports by June 1, 2014.  The Fifth Order also specifically indicated that all parties shall identify rebuttal experts and provide Rule 26 rebuttal expert reports within 30 days after the other party is required to disclose his or her testifying experts. There was no extension of the expert witness deadline after the Fifth Order.

As noted above, the Plaintiff disclosed Drs. Douglas Henrich and Michael Abouassaly in answers to interrogatories.  Motion 66 also indicates that Plaintiff identified Dr. Peter Hauslein and Dr. Joann Milani.  All of those doctors have

been deposed.  Additionally, the parties' filings indicate that Dr. Torres has been deposed in a deposition lasting over seven hours.

Given the disclosure of the physicians and the opportunity to take their depositions, it appears there is sufficient information provided regarding the facts and opinions on which the physicians may testify.  Rule 26(a)(2)(C).  The Defendant does not seek to completely bar the testimony of the physicians, except Dr. Torres.

The terms of the Fifth Order regarding rebuttal witnesses and the Order requested by the parties regarding the submission of the depositions of the Defendant's experts to the Court must be considered in ruling on Motion 66.

In response to Motion 66, Plaintiff references her memorandum in support (d/e 68) of Motion 67 for extension of discovery and entry of a new scheduling order.  Plaintiff indicates a total of 25 depositions of extreme length have been taken.  Plaintiff indicates that one deposition took four days.  All of the other depositions took five to seven hours (d/e 68, pg 3).  Plaintiff's counsel stated that defense counsel took the deposition of Johnson for four days.  Plaintiff states that Johnson had hearing problems.  Plaintiff's counsel indicates he did not want to involve the Court, so no objection was made to the length of the deposition (d/e 68, pg 7).  With regard to the remaining depositions, the Fifth Order agreed to by the parties provided that both the Plaintiff and Defendant could take 20 depositions each, not to exceed eight hours each.  With the exception of the

deposition of Johnson, neither the number of depositions, nor the length of time for depositions set forth in the Fifth Order appears to have been exceeded. Apparently, the parties contemplated, at the time the Fifth Order was put in effect, that numerous and lengthy depositions would be required in the case. The length and number of depositions provides no justification to Plaintiff's failures to timely disclose experts.

Local Rule 6.1 regarding extensions of time requires that any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Rule 6.1 also states that such motions must state the amount of additional time requested. The time for disclosure of Plaintiff's expert witnesses in this case expired on April 1, 2014. The Plaintiff filed no motion for extension of time prior to the expiration of the Plaintiff's witness disclosure deadline. Instead, in apparent response to Defendant's Motion 66 filed on April 27, 2014, the Plaintiff filed her Motion 67 for extension of time on April 29, 2014, and included no specific request for additional time in which to complete discovery.

The Fifth Order provides a party shall identify rebuttal experts and provide Rule 26 rebuttal expert reports within 30 days after the other party is required to disclose testifying experts.

In this Court, as well as in most other courts, the general order of proof is for the plaintiff to put on her case in chief by calling her witnesses. After plaintiff

completes his case, the defendant follows with witnesses and other proof. In defendant's case in chief, the defendant may offer evidence in denial of the plaintiff's case, and also attempt to prove any affirmative defenses that it might have. After the defendant rests, the plaintiff is entitled to present evidence in rebuttal. 5 AM. JUR. Trials 505 (2014).

Motion 66 requests that the Plaintiff be barred from presenting any expert testimony other than the testimony of Drs. Abouassaly, Henrich, Milani, and Hauslein made in Plaintiff's disclosures or the doctors' depositions. If this relief is granted as requested, it would deny Plaintiff her right to put on evidence to rebut information presented by the Defendant's experts in the Defendant's case in chief. It would also deny the Plaintiff the ability to review the Defendant's expert testimony and provide Rule 26 rebuttal expert reports within 30 days after disclosure of the evidence from the testifying experts as set forth in the existing scheduling orders.

Motion 66 is granted in part and denied in part.

With regard to the medical experts Drs. Abouassaly, Henrich, Milani, and Hauslein, the Plaintiff may call them as witnesses in her case in chief, but their testimony in Plaintiff's case in chief is limited to subjects which were disclosed in either the witness disclosures, identifications, or deposition testimony.

It appears Dr. Torres was not disclosed as an expert witness prior to the expert discovery deadline. He was, however, identified as a witness in the

Plaintiff's April 11, 2014 e-mail (d/e 66-1) to defense counsel. He has been deposed. Dr. Torres had been contacted by the Defendant, since the death of Chris Johnson, and signed the death certificate of Chris Johnson. He was not unknown to the Defendant. The Plaintiff may call Dr. Torres in her case in chief but his testimony is Plaintiff's case in chief is limited to that disclosed in his deposition and the death certificate of Chris Johnson.

The testimony of proposed expert witness Harold A. Rugh is barred. No expert report from Mr. Rugh was tendered prior to the expiration of the Plaintiff's discovery deadline for expert witnesses. From the material submitted by the parties, Mr. Rugh's CV was not tendered until after the deadline for disclosure of witnesses had expired. Plaintiff identified Rugh as a railroad practices expert, and indicated that Plaintiff's counsel had talked to Mr. Rugh prior to disclosing him in October of 2012. At that time, Plaintiff obtained his agreement to act as an expert witness on his opinions once the entire information was obtained. Plaintiff, in her disclosure, indicated Rugh's opinion, based on the initial information available, was that there was a departure from the standard of care. Rugh had formed an opinion prior to the Plaintiff's expert discovery cutoff. Plaintiff states Mr. Rugh had opened a computer file prior to March 2014 and would prepare his report upon receipt of information after the deposition of a retired audiologist. The Plaintiff offers no explanation of why the deposition of the audiologist was necessary prior to the preparation of a report by Rugh or why

the deposition was taken on the day of the expert discovery cutoff.  There is no indication of why a report could not have been prepared by Rugh prior to the discovery deadline, and supplemented after the taking of the deposition, which was taken on the date of the Plaintiff's expert discovery cutoff.  The failure to file a report for Rugh or seek an extension of the expert discovery deadline was unjustified.

Counsel for Plaintiff represents that Rugh told him on April 22, 2014 that his wife's illness prevented him from working on the case.  This occurred after Plaintiff's expert discovery cutoff date.  In her memorandum in support of Motion 67 for extension of discovery, Plaintiff indicates she has a replacement for Rugh, but the replacement needs time to review materials.  Plaintiff presents no justification why an extension on time for disclosure was not sought prior to the expiration of the discovery deadline.  Plaintiff's counsel states he knew that a deposition he believed was needed for Rugh's opinions was being taken on April 1, 2014, but made no attempt to secure additional time for expert discovery.  Plaintiff may not call Rugh or his replacement in her case in chief.

Plaintiff supplies no time table for Dr. Dinwiddie, or the yet unnamed professor of psychiatry.   Plaintiff's failure to either disclose Dr. Dinwiddie and the unnamed professor before the discovery cutoff is also unjustified.  Plaintiff may not call Dr. Dinwiddie or a professor of psychiatry in her case in chief.

Motion 66 requests an order precluding any expert witness except Drs. Abouassaly, Henrich, Milani and Hauslein (d/e 66, pg 11 & 12). The Court denies this request in part. Dr. Torres may testify in Plaintiff's case in chief as stated above. Additionally, the Plaintiff may disclose and call rebuttal witnesses as provided in the Seventh Scheduling Order entered with this Opinion in this case. Any rebuttal witness called by the Plaintiff must rebut specific facts or opinions raised by the Defendant's witnesses in the Defendant's case in chief.

Plaintiff argues, since no trial date is set, there is ample time to extend discovery. This argument infers that unless a trial date has been set, failure to comply with the scheduling order is harmless. Failure to have a trial setting does not mean disregarding the orders entered by the Court is harmless. Finwall v. City of Chicago, 239 F.R.D. 494, 503 (NDIL, 2006); Finwall v. City of Chicago, 239 F.R.D. 504 (NDIL, 2006); Hard Surface Solutions, Inc. v. Sherwin-Williams Co., 271 F.R.D. 612 (NDIL, 2010). Each of the above cases excluded expert testimony for failure to comply with discovery deadlines, even though no trial date had been set.

The Plaintiff apparently wants an unspecified extension of discovery deadlines so she can disclose additional experts. As set forth above, the Plaintiff's counsel has repeatedly failed to follow the orders of the court, the Federal Rules of Civil Procedure, and Local Rules. To let the Plaintiff essentially "start over" with expert discovery would prejudice the Defendant and the Court.

The Defendant would need to find and retain additional experts to counter the "new" experts of the Plaintiff. This would add delay and expense to this litigation. Opinions, reports, and identities of the "new" witnesses were not disclosed within the existing expert deadlines. Further, Plaintiff's failure to follow orders, rules and deadlines in this case raises the issue of whether Plaintiff's counsel will follow the additional deadlines set for the discovery in this case. The ability of the Defendant to cure the prejudice of Plaintiff's failure to follow the deadlines set would necessarily require potentially lengthy extensions of this litigation in setting deadlines to accommodate disclosure and response of Plaintiff's "new" experts.

U.S. Magistrate Judge Jeffrey Cole in Finwall v. City of Chicago, 239 F.R.D. 494, 503 (NDIL, 2006), thoughtfully articulated the need for adherence to discovery rules and deadlines. Magistrate Judge Cole stated as follows:

> Deadlines such as those envisioned by Rule 26(a)(2)(B) and 37(c)(1) are essential to the maintenance of a smooth and orderly flow of cases. Harris, 102 F.3d at 1433; Golden Elevator, 27 F.3d at 302. In the instant case, the plaintiff's counsel "knew of the deadlines established by the court but chose to ignore them." Castro v. Board of Education of the City of Chicago, 214 F.3d 932, 934 (7th Cir.2000). If litigants are allowed to disregard deadlines, as has the plaintiff's counsel in this case, the necessary advantages that deadlines secure will cease to exist, and court scheduling orders will become meaningless. Spears v. City of Indianapolis, 74 F.3d 153, 158 (7th Cir.1996). Procrastinators (to say nothing of those seeking some illicit tactical advantage) will simply be motivated not to comply with schedules carefully set by courts and announced with a kind of unambiguous finality Judge Manning expressed in this case. Compare, High Country Home Health, Inc. v. Thompson, 359 F.3d 1307, 1311 (10th Cir.2004)(McConnell, J.). "Judges must be able to

enforce deadlines." <u>Parker v. Freightliner Corp.</u>, 940 F.2d 1019, 1024 (7th Cir.1991).

What the Seventh Circuit said in <u>Spears v. City of Indianapolis, supra.</u>, bears repeating: 'Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged. As the Fifth Circuit noted in <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (1990): '[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.' 74 F.3d at 158.

It is no answer to say that the plaintiff may be disadvantaged by his counsel's conduct. That is true in every case where exclusion is warranted under Rule 37 or any other rule specifying the consequences of acts or omissions by a party's lawyer. Those rules properly recognize that clients are properly responsible for their counsel's conduct and it is to them that they must look in the event of omissions. Even more importantly, they recognize that there are societal interests in the functioning of the judicial system that transcend the immediate interests of a party in a particular case.

The Court agrees with Magistrate Cole's Opinion.

Counsel are expected to adhere to discovery orders and discovery rules even though a trial date is not set. Plaintiff's counsel in this case, in the instances set forth above, has failed to do so.

In summary, Defendant's Motion 66 is allowed in part and denied in part as follows:

1)      Drs. Abouassaly, Henrich, Milani, Hauslein, and Torres may testify in

Plaintiff's case in chief subject to the limitations set forth above.

2)	Plaintiff is barred from presenting any other expert testimony or opinion in her case in chief, and specifically barred from presenting testimony and opinion from Harold Rugh, Dr. Stephen Dinwiddie, the unnamed psychiatry professor, or any replacement or substitute for any of them.

3)	Plaintiff may call proper rebuttal witnesses if timely disclosed as required by the Scheduling Order, Local Rules of this Court, and the Federal Rules of Civil Procedure.  Any rebuttal expert's testimony and opinions will be limited to rebuttal as explained above.

4)	Defendant's request for reasonable costs and attorney's fees is denied as set forth above.

## F.	MOTION 89 TO STRIKE EXHIBITS

Motion 89 seeks to strike exhibits (d/e 84) filed in support of Motion 81. The chronology of Plaintiff's filing her Motion 81 for leave to file response is set forth above.  The Plaintiff sought an extension to file her motion for leave to file a response after the expiration of the filing deadline in violation of Local Rule 6.1. The Plaintiff's motion for extension was filed over 38 days after her last requested deadline for filing her response and 20 days after the Plaintiff was notified the Court had allowed the prior motion for extension.  The reasons given by the Plaintiff's counsel for the untimely filing of her motion for extension do not justify the late filing of her proposed three-page response.  The Court, therefore,

denied Motion 81 above.  Plaintiff filed exhibits to the proposed response (d/e 84) after the proposed response (d/e 81-1) was filed.  Local Rule 7.1 provides that supporting documents be filed with a motion or response.  Plaintiff's filing of the exhibits violates the Rule.  The exhibits (d/e 84) are ordered stricken from the record.  Consequently, Defendant's Motion 89 to strike exhibits is denied as moot.

## G.     MOTIONS 82 AND 83 TO FILE SUPPLEMENTS

Seventy days after filing its brief in support of its Motion 76, the Defendant filed a motion to substitute pages in the brief and filed exhibits to the brief which had not been attached.  Local Rule 7.1 provides that supporting documents be filed with the motion or response.  Proofreading the brief when it was filed would have revealed there were blank exhibit numbers in the brief and that the exhibits were not attached.  Both Motions 82 and 83 to supplement the briefing are denied.

## H.     MOTION 67 REQUEST FOR REVISED SCHEDULING ORDER

The Plaintiff's Motion 67 is allowed in part.  The request for a new Scheduling Order is allowed.  The remainder of Motion 67 is denied.  The Court enters the following Seventh Scheduling Order extending certain discovery and some pretrial deadlines.

The Court orders that the Defendant provide to the Plaintiff copies of the expert reports/disclosures submitted to the Court within 10 days of the entry of

this Order.[1]  Defendant may submit additional or revised reports dealing only with testimony of and the opinions expressed by Dr. Torres.  The Court will retain the reports/disclosures submitted to the Court by the Defendant.

The Plaintiff indicates in her response (d/e 75) to Defendant's Motion 66 that the depositions of Brent Neely and Diana Neely were set on March 11, 2014, but were cancelled due to Mrs. Neely's recovery from a stroke.  The parties may complete these depositions within the time frames set forth below.

The Court orders that the pretrial deadlines set forth below extending various deadlines and setting pretrial and trial dates are as follows:

SEVENTH SCHEDULING ORDER

1) Defendant shall, on or before September 5, 2014, provide to the Plaintiff copies of its Rule 26 expert reports/disclosures which were previously provided to the Court;

2) Any additional or revised reports regarding Dr. Torres testimony shall be disclosed by the Defendant on or before September 24, 2014;

3) Plaintiff shall depose the experts disclosed by Defendant by November 7, 2014;

4) Plaintiff shall identify rebuttal experts, if any, and provide Rule 26 rebuttal experts reports/disclosures by December 22, 2014; provided

---

[1]Order 78 is incapable of implementation as drafted by the parties.  The Defendant's Motion 66 is both granted in part and denied in part.

however, that rebuttal witnesses' reports and opinions must address only issues raised by the Defendant's reports/disclosures or deposition testimony;

5) Defendant shall depose Plaintiff's rebuttal expert witnesses' by February 5, 2015;

6) The depositions of Brent and Diana Neely may be taken and shall be completed by December 31, 2014;

7) Paragraphs 3, 7, and 8 of the Fifth Order remain in effect;

8) All dispositive motions shall be filed by March 9, 2015;

9) Any remaining depositions necessary to preserve testimony for trial under the Court's Opinion of January 21, 2014 (d/e 54) shall be taken between May 28, 2015 and June 12, 2015;

10) Final pretrial conference in this matter is set Wednesday, June 3, 2015, at 10:00 a.m. before U.S. Magistrate Judge Tom Schanzle-Haskins. The parties are required to follow Local Rules as to the preparation, form and attachments to the pretrial order;

11) Jury trial is set Monday, June 15, 2015 at 9:00 a.m. before Judge Schanzle-Haskins.

## CONCLUSION

**IT IS THEREFORE ORDERED**, pursuant to the rulings as set forth above:

a)    Defendant's Motion to Strike (d/e 65) is allowed;

b)    Defendant's Motion in Limine (d/e 66) is allowed in part and denied in part;

c)    Plaintiff's Motion for Extension of Time (d/e 67) is allowed in part and denied in part;

d)    Plaintiff's Request for Leave to File Fourth Amended Complaint (d/e 71) is denied;

e)    Plaintiff's Motion to Extend (d/e 74) is allowed *nunc pro tunc* to May 21, 2014;

f)    Defendant's Motion Regarding the Sufficiency of a Rule 36 Answer or Objection (d/e 76) is allowed in part and denied in part;

g)    Defendant's Motion for Leave to File Reply (d/e 77) is denied;

h)    Plaintiff's Motion for Leave to File Response (d/e 81) is denied;

I)    Defendant's Motion to Supplement (d/e 82) is denied;

j)    Defendant's Supplement to Motion to Supplement (d/e 83) is denied;

k)    Defendant's Unopposed Motion to File a Reply in Excess of Local Rule Page Limit (d/e 85) is denied; and,

l)    Defendant's Motion to Strike Exhibits (d/e 89) is denied as moot.

**IT IS FURTHER ORDERED** that the Court will not liberally grant extensions of the deadlines and settings listed above.

ENTERED this 20th day of August, 2014.

_____*s/ Tom Schanzle-Has*kins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE